UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL TURNER,   Case No. 13-11783

       Plaintiff,   Nancy G. Edmunds
v.   United States District Judge

CORRECTIONAL MEDICAL SERVICES,   Michael Hluchaniuk
INC., *et al*,   United States Magistrate Judge

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 19)**

**I.   PROCEDURAL HISTORY**

Plaintiff, an inmate currently incarcerated by the Michigan Department of Corrections at the Thumb Correctional Facility in Lapeer, Michigan, brings this action under 42 U.S.C. § 1983 against defendants Correctional Medical Services ("CMS"), Corizon Health, Inc., Dr. Squires, Jerry Stevens and Kelly Schuitman, claiming a violation of his constitutional rights. (Dkt. 1).[1]  In his complaint, filed April 1, 2013, plaintiff claims that, while incarcerated at the Thumb Correctional Facility, he received inadequate medical care in violation of the Eighth Amendment protection against cruel and unusual punishment. (*Id.*).  On May 21,

---

[1] The undersigned notes that, to date, defendants Stevens and Schuitman have not been served in this case.  Defendants Corizon Health, Inc. and Harriett Squier, M.D. have been served and filed an answer to plaintiff's complaint on July 19, 2013.  (Dkt. 18).

1

2013, this case was referred to the undersigned for all pretrial purposes by District Judge Nancy G. Edmunds. (Dkt. 8). On July 19, 2013, defendant CMS filed a motion to dismiss, arguing that plaintiff's claims against CMS are time barred by the three-year statute of limitations applicable to deliberate indifference claims brought pursuant to 42 U.S.C. § 1983. (Dkt. 19). Plaintiff filed a response to defendant CMS's motion on August 15, 2013. (Dkt. 21). This matter is now ready for report and recommendation.

For the reasons below, the undersigned **RECOMMENDS** that defendant CMS's motions to dismiss be **GRANTED** and that plaintiff's claims against CMS be **DISMISSED with prejudice**.

## II.   FACTUAL BACKGROUND

In his complaint, plaintiff claims that defendants were deliberately indifferent to his serious medical needs, exposing him to suffering and pain. According to his complaint, in 2007, plaintiff's request for "ortho-surgery" for his right knee was reviewed but not approved by CMS. (Dkt. 1, ¶ 10). Plaintiff subsequently received steroid injections at the Duane Waters Hospital in 2008, but the injections did not provide much relief. (*Id.*). An MRI was requested and completed in 2010, but a request for a consultation for a knee replacement in 2011 was denied, and plaintiff was instead provided with an assistance device (a cane) and encouraged to continue activity. (*Id.* ¶ 11). Plaintiff alleges that CMS and

2

Corizon doctors knew from the reports that plaintiff's degenerating knee condition required surgery for replacement of his knee, but denied that this was a serious medical need. (*Id.* ¶ 13). Plaintiff filed a grievance concerning the denial of a serious medical treatment in 2012, and utilized all three steps of the grievance procedure. (*Id.* ¶ 12). On April 1, 2013, plaintiff filed this lawsuit against defendants, asserting a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs. (Dkt. 1).

III. ANALYSIS AND CONCLUSION

    A.    **Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations,

3

its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.") (emphasis in original).

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496, 502 n.6 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently,

4

*see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (the Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

B.      **Plaintiff's Claims Against CMS Are Barred by Limitations**

Defendant CMS argues that plaintiff's claims against CMS are barred by the statute of limitations.  CMS contends that its contract with the State of Michigan to provide healthcare services to prisoners of the Michigan Department of Corrections ended on March 31, 2009.[2]  Thus, according to CMS, the only potential involvement CMS may have had in the incidents in question concerns events that alleged occurred on or before March 31, 2009, because it no longer provided the medical services at issue after that date.  CMS asserts, therefore, that the statute of limitations on any claims against CMS expired, at the latest, on

---

[2] The undersigned takes judicial notice, as a matter of pubic record, that CMS was under contract with the State of Michigan to provide certain health care services to prisoners incarcerated in the MDOC, and that CMS's contract with the MDOC expired on March 31, 2009. After that date, a different entity, Prison Health Services (PHS), began providing health care services.  *See* http://www.senate.michigan.gov/sfa/Publications/Notes/2008Notes/ NotesNovDec08lh.pdf; *see also Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (a court may consider public records and facts susceptible to judicial notice without converting a motion to dismiss into one for summary judgment), *cert. denied*, 555 U.S. 1099 (2009).  Further, the contract between PHS and the State of Michigan, Contract No. 071B9200147, is a public record and provides a contract period from February 10, 2009 to March 31, 2012, for the provision of prisoner health care services at all MDOC correctional facilities.  *See Ferguson v. Corizon*, 2013 WL 4758196, at *3 (E.D. Mich. Sept. 4, 2013) ("CMS's contract with the MDOC ended on March 31, 2009.  On April 1, 2009, Prison Health Services, Inc., now Corizon Health, Inc., took over the contract with the MDOC to provide physicians and specialty consult support.").  The undersigned further notes that on June 13, 2011, PHS and CMS announced that they were merging to become Corizon Health, Inc.  *See Johnson v. Corizon Corr. Healthcare*, 2013 WL 227751, at *1 n.3 (citing Corizon Press Release, June 13, 2011, http://www.corizonmedia.com/ Corizon-News/Corizon-Launches-From-Correctional-Healthcare-Merger1).  Thus, contrary to plaintiff's assertion that CMS and Corizon are the same entity, the merger of CMS and PHS creating Corizon did not occur until over two years after CMS's contract with the MDOC terminated.  The undersigned notes that Corizon Health Inc. is a named defendant here represented by separate counsel and that it has filed an answer to plaintiff's complaint. (Dkt. 18).

March 31, 2012, over one year before plaintiff filed his complaint in this matter, and that plaintiff therefore fails to state a claim against CMS upon which relief may be granted and his claims against CMS should be dismissed.

State statute of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 272 (1985). In Michigan, "the period of limitations [for civil rights suits] is 3 years after the time of . . . injury for all actions to recover damages for . . . injury to a person or property." MCL 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). For purposes of § 1983, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220; *see also Johnson v. Corizon Corr. Healthcare*, 2013 WL 227751, at *7 (W.D. Mich. Jan. 22, 2013) ("Plaintiff had reason to know of the 'harms' done to him at the time any individual refused to treat him."); *Bell v. Zuercher*, 2011 WL 5191800, at *3 (E.D. Ky. Oct. 31, 2011) ("In this case, once Bell became 'aware of the defendants' denial of his request for medical treatment,' his statute of limitations began to run.") (internal citation omitted).

Plaintiff's allegations about any conduct of defendant CMS is time-barred. Because CMS's contract with the MDOC ended on March 31, 2009, that is the

latest date CMS could have been responsible to provide healthcare to any MDOC prisoner, including plaintiff. In his complaint, plaintiff only complains of two events prior to March 31, 2009, one in 2007 and one in 2008. (Dkt. 1, ¶ 10). Accordingly, plaintiff had to bring his § 1983 claims against defendant CMS, at the latest, within three years of March 31, 2009, or by March 31, 2012.[3] However, plaintiff did not file his complaint until April 1, 2013, just over a year past Michigan's three-year statute of limitations. Moreover, Michigan no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MCL § 600.5851(9). Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d

---

[3] The undersigned recognizes that the statute of limitations for § 1983 actions is tolled for the period of time required to exhaust administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). However, there is no indication that plaintiff attempted to timely exhaust his administrative remedies as to any actions by defendant CMS. The only grievance in the record was filed in November 2011, over two and a half years after CMS's contract with the MDOC terminated. Moreover, this grievance only refers to a request for an orthopedic appointment on November 3, 2011 and a review recommending an alternative treatment plan of assistive devices and over-the-counter pain medication on November 21, 2011, at which time plaintiff stated that he intended to file a grievance regarding the denial of an orthopedic consultation. (Dkt. 1, Ex. A). MDOC Policy Directive 03.02.130 requires a grievant to attempt to resolve the issue with the staff member involved within two business days after becoming aware of the grievable issue and to file a Step I grievance within five business days after the grievant attempted to resolve the issue with appropriate staff. MDOC Policy Directive 03.02.130(P) (effective July 9, 2007). Thus, the grievance does not involve any possible action or inaction by defendant CMS. Moreover, assuming plaintiff's claim against CMS was tolled pending exhaustion of the 2011 grievance regarding the November 21, 2011 denial of an orthopedic consultation, plaintiff's claim against CMS is still barred. Plaintiff asserts that he received a response to his Step II grievance on January 17, 2012, but never received a response to his Step III grievance appeal. However, even giving plaintiff the benefit of the 120 days the MDOC Policy Directive 03.02.130 provides for completion of grievances, plaintiff would have been required to file his complaint against CMS by July 28, 2012, more than seven months before plaintiff filed his April 1, 2013 complaint.

1331, 1335 (6th Cir. 1991); *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991). Thus, plaintiff's allegations against CMS, which necessarily involve conduct occurring more than three years prior to the filing of plaintiff's complaint, fail to state a claim because they are time-barred. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). The undersigned further notes that plaintiff's claims against any remaining defendants arising out of conduct that occurred more than three years prior to April 1, 2013, also are barred by the statute of limitations.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant CMS's motion to dismiss be **GRANTED** and that plaintiff's claims against CMS be **DISMISSED with prejudice**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

9

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 22, 2014              s/Michael Hluchaniuk
                                    Michael Hluchaniuk
                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on <u>January 22, 2014</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Brian J. Richtarcik, Randall A. Juip, Kimberly A. Koester, Ronald W. Chapman</u> and that I have mailed by United States Postal Service to following non-ECF participant:<u> Nathaniel Turner, 125387, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.</u>

                                                          s/Tammy Hallwood
                                                          Case Manager
                                                           (810) 341-7887
                                                           tammy_hallwood@mied.uscourts.gov