UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL TURNER,                                Case No. 13-11783

        Plaintiff,                              Nancy G. Edmunds
v.                                               United States District Judge

CORRECTIONAL MEDICAL SERVICES,                   Michael Hluchaniuk
INC., *et al*,                                   United States Magistrate Judge

        Defendants.
_____/

## REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

## AND

## MOTION FOR SUMMARY JUDGMENT [Dkt. 32] AND MOTION TO DIRECT U.S. MARSHAL TO ATTEMPT PERSONAL SERVICE [Dkt. 41]

### I.    PROCEDURAL HISTORY

On September 18, 2014, defendants Corizon Health, Inc. and Dr. Harriett Squier, M.D. filed a motion for summary judgment. (Dkt. 32). Plaintiff was ordered to file a response by November 24, 2014. (Dkt. 36). Plaintiff did not respond. The court entered a second order for plaintiff to file a response by March 2, 2015. (Dkt. 2, 2105). Again, plaintiff failed to file a response by the March 2 deadline. As such, on March 11, 2015, the court ordered plaintiff to show cause by April 8, 2015, why the undersigned should not recommend that plaintiff's

1

complaint be dismissed due to his failure to file a response. (Dkt. 40). Alternatively, the court ordered that plaintiff could file a response by the same date. (*Id*.) Plaintiff was warned that: "**[n]o further extensions will be granted. Failure to timely or adequately respond in writing to th[e] Order to Show Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (*Id*.) (emphasis in original)

As of the date of this report, plaintiff has failed to respond to the court's order to show cause and has not filed a response to defendants' motion for summary judgment.[1]

## II.    ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.

---

[1] The undersigned notes that following the court's March 11, 2015 show cause order, on March 31, 2015, plaintiff filed a motion asking the court once again to direct the U.S. Marshal to attempt personal service upon defendants. (Dkt. 41). The undersigned notes that defendant Correctional Medical Services ("CMS") has been dismissed from the case. (Dkt. 27). Defendants Corizon Health and Dr. Squires each filed a waiver of service summons. (Dkts. 10, 11). On January 16, 2015, the undersigned ordered plaintiff to provide correct addresses for defendants Jerry Steve and Kelly Schuitman. (Dkt. 38). On February 26, 2015, plaintiff indicated that he was unable to provide the current addresses of defendants Jerry Steve and Kelly Schuitman. (Dkt. 39). Therefore, the court believes that plaintiff is attempting through his March 31 motion to direct the U.S. Marshal to personally serve Jerry Steve and Kelly Schuitman.

Appx. 294, 296, *1 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In addition, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Link,* 370 U.S. 626 at 629-30 (federal trial courts have the inherent power to manage their own dockets). A court may exercise its inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when conduct is "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), citing *Chambers*, 501 U.S. at 45-

46; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also*, *United States v. Moss-American, Inc.*, 78 F.R.D. 214, 216 (E.D. Wis. 1978) ("it is within the inherent equitable powers of this court to dismiss an action when a just determination of the action has been seriously thwarted by a plaintiff's willful misconduct").

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

The court will apply those same factors to plaintiff's failure to comply with its March 11, 2015 order. (Dkt. 40) "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes*, at 458. In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id.*, citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the

4

determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).  In any event, "[d]ismissal of an action . . . is a sanction of last resort," *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), and due process appears to require a finding of bad faith or willfulness. *See Chambers*, 501 U.S. at 50.  Bad faith is more than "mere gamesmanship or garden variety discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008).

An examination of the four *Reyes* factors reveals that dismissal is warranted in this case.  In the view of the undersigned, plaintiff's failure to comply with the March 11, 2015 Order could only be willful.  As Judge Roberts pointed out in *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010), quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with a[n. . .] order and does not, dismissal is not an abuse of discretion."  Here, plaintiff has made several filings in this case, including responding to Correctional Medical Services' ("CMS") motion to dismiss, objecting to the court's report and recommendation granting CMS's motion to dismiss, and filing a motion to direct the U.S. Marshal to attempt personal service on the two defendants who remain unserved.  (Dkts. 21, 25, 41).  As such, there is little doubt that plaintiff has the ability to comply with a show cause order.  Moreover, as noted in *Reyes*, plaintiff has the burden of showing that his failure to respond was not willful. *See Reyes*,

306 F.3d at 458. Here, plaintiff has not responded at all. The prejudice to defendants is clear. Simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997).

Plaintiff has also been adequately warned. Here, plaintiff failed to comply with the courts' October 8, 2014 and January 16, 2015 orders to respond to defendants' motion for summary judgment. (Dkts. 36, 37). In both orders, plaintiff was warned that "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party." (*Id*.) Plaintiff also failed to respond to the court's show cause order regarding why the undersigned should not recommend that the plaintiff's complaint be dismissed due to plaintiff's failure to file a response. (Dkt. 40). Plaintiff was also admonished that "[n]o further extensions will be granted. Failure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)."

The Court has not previously imposed lesser sanctions on plaintiff. However, given that the motion for summary judgment has been pending since

September 2014, and that the court has ordered plaintiff to respond to the motion for summary judgment three times, this factor weighs in favor of dismissal. As explained in *Reyes*, "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*. Here, as set forth above, plaintiff's conduct appears willful. Particularly because instead of responding to the court's show cause order, plaintiff elected to file a motion regarding service of process. As noted in *Reyes*, it is plaintiff's burden to show that his behavior is not willful, and he has elected to not respond at all. *Reyes*, 307 F.3d at 458. Thus, all of the *Reyes* factors weigh in favor of dismissal. Under these circumstances, the undersigned concludes that dismissal is still appropriate, despite not having imposed lesser sanctions previously. *See Schafer*, 529 F.3d at 738 (". . . and [we are] loath[ ] to require the district court to incant a litany of [ ] available lesser sanctions.").

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply

with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has willfully failed and refused to comply with the Court's March 11, 2015 Show Cause Order. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice and that the pending motion for summary judgment (Dkt. 32), and pending motion regarding service of process (Dkt. 41) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 17, 2015         s/Michael Hluchaniuk
                             Michael Hluchaniuk
                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>April 17, 2015</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to following non-ECF participant:<u> Nathaniel Turner, 125387, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.</u>

                                        <u>s/Tammy Hallwood</u>
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov